## Case No. 7,887.

### KNIGHT et al. v. SCHELL.

[19 How. Pr. 168.]

Circuit Court, S. D. New York. June, 1860.

CUSTOMS DUTIES — EXEMPTIONS — GROWTH AND MANUFACTURE OF THIS COUNTRY — BARRELS EXPORTED EMPTY RETURNED FILLED — IMPORTER'S OATH WAIVED.

[1. "Barrels" manufactured in this country, and sent to Cuba, and there filled with molasses, and brought back to our ports, are not liable to duty. The fact of their being filled with molasses on their return does not destroy their character of "growth or manufacture of this country," nor that they are not "in the same condition"; they are barrels still, whether filled with well-water or molasses from Cuba.]

[See note at end of case.]

[2. Where the usual oath was offered to be made by the importer that the article was the growth and manufacture of this country, as prescribed by the act of congress, and was waived by the deputy collector, as being unnecessary and useless, the duty being claimed on another ground, held, that it was only in case that the collector conceded that the article was entitled to entry duty free, so as to leave only the fact of the American character of the article to be established, that the oath could be material or required by the collector.]

[3. Held, also, that the collector is estopped to set up the omission to make the oath as a defense, where it has been waived by his deputy; being bound by the acts of the latter.]

This was an action brought to recover back money that had been paid by the plaintiffs [James Knight, James H. West, and Robert Sargeant] upon a large number of barrels containing divers shipments of molasses from the island of Cuba. The barrels had been manufactured by the plaintiffs, and sent out to Cuba, and there filled with molasses and brought back to this port. The collector [Augustus Schell] claimed duty up-

---

[2] [From 18 Law Rep. 96.]

on the barrels at the rate of 24 per centum upon their value, as well as upon the molasses contained in them. The plaintiffs objected to pay the duty on the barrels, claiming that they were "the growth or manufacture of this country," and that they were returned "in the same condition"; that they were sent out empty and brought back filled; and that their condition was thereby changed; and therefore refused to admit them to entry, duty free. The plaintiffs thereupon paid the duty under protest, and appealed from the decision of the collector to the secretary of the treasury. The collector's decision being affirmed by the secretary of the treasury, the plaintiffs, within the time prescribed by law, brought this action.

It appeared from the testimony, that the plaintiffs at the time of the entry, by way of proving that the barrels were American produce and manufacture, offered to the deputy collector a certificate of the American consul at Cuba, to the effect that the barrels in question had been brought to that port in an American vessel, and there filled with molasses, and that such barrels were not the product or manufacture of Cuba. The plaintiffs also offered to make the usual oath that the barrels were the growth and manufacture of this country, as prescribed by the act of congress, but that the deputy collector replied, in substance, that such oath and certificate were useless; that, the barrels having been exported empty and brought back filled, their condition was thereby changed, and that they were for that reason dutiable; that such was the decision of the secretary of the treasury; and that duty must therefore be paid; and at the same time handed to the plaintiffs a writen direction from the treasury department to that effect.

J. T. Williams, for plaintiffs.

Judge Roosevelt and Mr. Hunt, for defendant.

The district attorney contended that the oath, being required by the act of congress, could not be waived by the collector, and for a stronger reason could not be waived by his deputy; and that the omission was fatal to the plaintiffs' recovery.

THE COURT (SMALLEY, District Judge) held that it was only in case that the collector conceded that the article was entitled to entry duty free, so as to leave only the fact of the American character of the article to be established; that the oath could be material for any purpose, or could be required by the collector; that, when the collector denied free entry to the article on some ground that conceded its commercial character, the oath would be an idle ceremony.

THE COURT further held that the collector was estopped to set up the omission to make the oath as a defence; his deputy having given the plaintiffs to understand at the time that it was not necessary, and that the collector was bound by the acts of his deputy.

Upon the question as to whether the barrels were returned "in the same condition" as when exported, the COURT held that the filling them with molasses did not change their condition within the meaning of the act.

THE COURT thereupon charged the jury to inquire: (1) Whether the barrels imported were the same identical barrels that had been manufactured by the plaintiffs and exported by them. (2) Did the deputy collector give the plaintiffs to understand that the oath of identity was waived, and would not be required, and put his refusal to admit them to entry duty free upon grounds other than the want of such oath. That, if they find both of these questions in the affirmative, they would find for the plaintiffs the sum so paid as duty upon the barrels.

The jury, without leaving their seats, found a verdict for the plaintiffs.